RECEIVED
JUL 21 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| SAREEL POINDEXTER (#27334-034) | DOCKET NO. 15-CV-1995, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Sareel Poindexter filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana (FCI-Pollock). Petitioner attacks a conviction from the Eastern District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

On May 8, 2001, a jury in the Eastern District of Louisiana convicted Petitioner of possession of a firearm by a convicted felon. [EDLA Case #2:00-cr-374] The court sentenced Petitioner to seventy-eight months of imprisonment after granting a downward departure. Petitioner was released on supervision on an unspecified date, but his supervised release was revoked on July 8, 2009, and he was sentenced to 18 months of imprisonment. [EDLA Case #2:00-cr-374, Doc.#98] The BOP submitted a furlough application for Petitioner, and he was approved for an unescorted furlough transfer

from FCI Pollock to a Volunteers of America ("VOA") center in New Orleans. [EDLA Case 2:11-cr-289, Doc.#21] On September 22, 2011, Petitioner left FCI Pollock for New Orleans, but he failed to report to the VOA. [EDLA Case #2:11-cr-289, Doc.#21] He was arrested on October 13, 2011, and subsequently charged by indictment with one count of escape in violation of 18 U.S.C. §751(a). [EDLA Case #2:11-cr-289, Doc.#1] He pleaded guilty to the escape charge on January 18, 2012, and he was sentenced to a fifteen month term of imprisonment followed by three years of supervised release. [EDLA Case #2:111-cr-289, Doc.#30] His supervised release began in 2013.

The government moved to revoke Petitioner's supervised release because Petitioner failed to report to his probation officer on various occasions. Petitioner's supervised release was revoked on March 4, 2015, and he was sentenced to the statutory maximum of 24 months of imprisonment. [EDLA Case #2:11-cr-289, Doc. #49] Petitioner, through counsel, appealed on the grounds that the sentence was excessive. The appeal is still pending in the United States Fifth Circuit Court of Appeals. [5[th] Cir. Case #15-30215]

In the instant §2241 habeas petition filed in this Court, Petitioner claims that the Eastern District of Louisiana lacked jurisdiction to charge and convict him of escape.

### *Law and Analysis*

Petitioner is not challenging the method in which his sentence

is being executed. Instead, petitioner is attacking the legality of his escape conviction. A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255, which must be filed in the court of conviction. See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). Section §2241 is used by prisoners to attack the **manner** in which a sentence is carried out or the prison authorities' determination of its duration. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1001 (2001).

Section 2255(e) provides that "[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." In <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir.2001), the Fifth Circuit held Section 2255 was inadequate or ineffective with respect to a claim which: (a) is based on a retroactively applicable Supreme Court decision which establishes the petitioner may have been convicted of a nonexistent

3

offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during the petitioner's trial, direct appeal or initial motion to vacate filed under Section 2255.

Petitioner has not filed a motion to vacate under Section 2255, and he does not allege that the remedy under Section 2255 is inadequate or ineffective for challenging the legality of his conviction. Even if Petitioner had made such a claim, he cannot meet the test of <u>Reyes-Requena</u>. Petitioner is not challenging the manner in which his sentence is being executed, and his claim cannot be raised in a §2241 petition.

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition under §2241 be **DISMISSED** for lack of jurisdiction.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be**

considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of July, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE